UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| NORTHWEST ADMINISTRATORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. C08-1389-BAT |
| | ) | |
| v. | ) | ORDER GRANTING |
| | ) | PLAINTIFF'S MOTION FOR |
| FRED HILL MATERIALS, INC., a Washington Corporation, | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is plaintiff's motion for summary judgment. Dkt. 6. The motion was filed on November 7, 2008. It was subsequently renoted for February 6, 2009. Dkt. 24. Defendant has not filed a Response.

For following reasons, the Court hereby ORDERS:

1. Plaintiff's Motion for Summary Judgment (Dkt. 6) is GRANTED;

2. Judgment is awarded in favor of Plaintiff's Trust Fund against defendant in the amounts hereinafter listed, which amounts are due to plaintiff for the employment period of August 2008 and September 2008;

    a.    $132,813.60 for contributions;

    b.    $26,562.73 for liquidated damages;

    c.    $765.80 for interest as of November 7, 2008;

ORDER GRANTING
SUMMARY JUDGMENT - 1

    d.  $495.00 for attorney fees;

    e.  $ 103.90 for costs.

  Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

  Defendant has not filed a brief in opposition to plaintiff's motion for summary judgment as Local Rule CR 7(b)(2) requires. Accordingly, the Court may deem defendant to have admitted that the motion has merit. Even if the Court does not make this assumption, defendant has not submitted to the Court any facts demonstrating a genuine issue for trial. *See Anderson*, 477 U.S. at 248. Thus, summary judgment is appropriate if plaintiff has shown that it is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

  Plaintiff, Northwest Administrator's Inc., initiated this action, on September 16, 2008, when it filed a complaint to collect trust funds. Dkt. 1. Plaintiff is the authorized administrative agency for the Western Conference of Teamsters Pension Trust Fund ("Trust"). Dkt. 1 at 1. On

October 23, 2008, defendant, Fred Hills Materials, Inc., filed its Answer. Dkt. 5. Defendant admits it is bound to a collective bargaining agreement with Local 589 and that the agreement speaks for itself. Dkt. 5 at 2. Defendant further admits it accepted the plaintiff's Trust Agreement and declaration, that it failed to promptly report for and pay to the Trust some amounts due, and that plaintiff is entitled to some of the relief requested. *Id.*

In its motion for summary judgment, plaintiff represents that defendant is bound to a collective bargaining agreement that requires defendant to promptly and fully report for and pay monthly contributions to plaintiff's Trust at specific rates, and to pay liquidated damages equal to 20% of all delinquent and delinquently paid contributions to the trust, interest accruing upon such delinquent contributions, and attorney's fees, and costs the Trust incurred in connection with defendant's unpaid obligations. Dkt. 7 at 2-3. Plaintiff further represents that defendant failed to pay contributions in the amount of $132,813.60 for August and September 2008; that this failure obligates defendant to pay liquidated damages in the amount of $26,562.73, interest in the amount of $765.80; attorney fees of $495.00; and costs of $103.90. *Id.*

Defendant has not submitted anything disputing plaintiff's representations. As defendant has failed to present to the Court any facts demonstrating a genuine issue for trial, the Court concludes summary judgment is appropriate and grants plaintiff's motion.

DATED this 18th day of February, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING
SUMMARY JUDGMENT - 3